IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY CAGE | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 C 10704 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| BANK OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Beverly Cage filed a one-count, putative class-action complaint alleging that Bank of America ("defendant") procured authorization for a background check in violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff's action was originally filed in the Circuit Court of Cook County, Illinois. Defendant removed the case to federal court. Plaintiff moves to remand the case back to state court (Doc. 22). For the reasons explained below, the court grants plaintiff's motion.

**BACKGOUND**

Plaintiff worked for a company that was acquired by defendant. Defendant proposed hiring plaintiff and her coworkers. At the beginning of that rehiring process, defendant presented plaintiff with an application packet including a three-page disclosure. This disclosure allegedly did not comply with 15 U.S.C. § 1681b(b)(2), a provision of the FCRA. That alleged noncompliance is the basis for this suit.

**LEGAL STANDARD**

Standing is a threshold requirement that is derived from the Constitution's limit on

federal courts' authority to resolve "cases" and "controversies." U.S. Const. Art. III, § 2. If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve. Casillas v. Madison Ave Assocs., 926 F.3d 329, 333 (7th Cir. 2019).

As the party invoking federal jurisdiction here, defendant bears the burden of establishing the three elements of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The plaintiff must have, (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision. Nettles v. Midland Funding LLC, 983 F.3d 896, 899 (7th Cir. 2020) (quoting Spokeo, Inc. v. Robbins, 578 U.S. 330, 338 (2016)). An injury in fact is an "invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Nettles, 983 F.3d at 899. An alleged injury need not be tangible to be "concrete," but it must be "real and not abstract." Spokeo, 578 U.S. at 340.

## DISCUSSION

The core issue is whether plaintiff's complaint pleads an injury in fact. Defendant argues that the complaint pleads an injury in fact and directs the court's attention to the section of the complaint entitled "Concrete Harm." Although the irony is not lost on the court, the title alone will not suffice to establish that the complaint pleads an injury in fact. The court must analyze the substance of the pleadings. Defendant argues that in doing so, the court should distinguish this complaint from the complaint in Groshek v. Time Warner Cable, Inc., 865 F.3d 884, 889 (7th Cir. 2017), a Seventh Circuit case holding that a plaintiff alleging similar FCRA violations lacked Article III standing, because he had "not alleged facts demonstrating a real, concrete appreciable risk of harm." Plaintiff maintains that her complaint is akin to the one in Groshek.

The court agrees with plaintiff. In briefing, both parties highlighted a passage from Groshek that lies the heart of the matter:

> Here, Groshek did not allege that Appellees failed to provide him with a disclosure that informed him that a consumer report may be obtained for employment purposes. His complaint contained no allegation that any of the additional information caused him to not understand the consent he was giving; no allegation that he would not have provided consent but for the extraneous information on the form; no allegation that additional information caused him to be confused; and, no allegation that he was unaware that a consumer report would be procured. Instead, he simply alleged that Appellees' disclosure form contained extraneous information. We conclude that Groshek has alleged a statutory violation completely removed from any concrete harm or appreciable risk of harm. 865 F.3d at 887.

Like the plaintiff in Groshek, plaintiff here does not allege any of the above facts. Plaintiff does not allege that she would not have given consent had the notice complied with FCRA requirements. Instead, plaintiff alleges that: "If Plaintiff had known Defendant was accessing her consumer report without a legal right to do so, Plaintiff would not agree to have Defendant obtain her consumer report." Plaintiff alleges that she would not have given consent if she had known the notice did not comply with FCRA requirements.[1]

Defendant's argument that this case is more like Syed v. M-I, LLC, 853 F.3d 492 (9th Cir. 2017), is unavailing. In that case, the Ninth Circuit held that the plaintiff "would not have signed [the authorization] had it contained a sufficiently clear disclosure, as required by the statute." Id. at 499-500. Here, plaintiff does not allege that she would not have signed the authorization if it had complied with the statute.

---

[1] Plaintiff's allegations that her privacy was violated cannot constitute an injury in fact because she admits that she signed the authorization documents, and she does not allege that she would not have signed the authorization documents had the disclosure complied with the FCRA. See Groshek, 865 F.3d at 889 (explaining that "[b]ecause Groshek admits that he signed the disclosure and authorization form, he cannot maintain that he suffered a concrete privacy injury").

In other words, plaintiff does not allege that she was injured by the substance of defendant's noncompliance with the FCRA. Plaintiff instead alleges, for whatever reason, that had she been aware that the notice did not comply with the FCRA she would not have given her consent. It is not the statutory violation itself that plaintiff alleges harmed her, but rather plaintiff's lack of knowledge that there was a statutory violation. The status of the notice's compliance or noncompliance with the FCRA underlies plaintiff's claim. This is the quintessential "bare procedural violation, divorced from any concrete harm" that cannot "satisfy the injury-in-fact requirement of Article III." Spokeo, 578 U.S. at 341. Plaintiff has alleged a "statutory violation completely removed from any concrete harm or appreciable risk of harm." Groshek, 865 F.3d at 887. Consequently, this court does not have jurisdiction and must remand to state court.

## CONCLUSION

Plaintiff's motion to remand to state court (Doc. 22) is granted. The case is remanded to the Circuit Court of Cook County.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: February 11, 2025**